**E-FILED**
Thursday, 30 November, 2006  03:04:58 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a ) <br> Washington Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEREMIAH WADE, an individual d/b/a/ ) <br> THE COMPUTER SHOP, and ) <br> JEREMIAH WADE, an individual, ) <br> ) <br> Defendants. ) | CASE NO: 06-cv-01183 |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW, the Defendant, Jeremiah Wade, dba The Computer Shop, by and through his undersigned counsel, James E. Skinner, and for his answer, states as follows:

### The Parties

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

3. The allegations contained in the first two sentences of paragraph 3 are admitted. The allegations contained in the third sentence of paragraph 3 are denied.

### Jurisdiction

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are admitted.

### Venue

6. Without admitting the specific allegations set forth in paragraph 6, the Defendant admits venue is proper in the Central District of Illinois.

### Facts Common to All Claims

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted.

    a. The allegations contained in paragraph 8A are admitted.

    b. The allegations contained in paragraph 8B are admitted.

    c. The allegations contained in paragraph 8C are admitted.

    d. The allegations contained in paragraph 8D are admitted.

    e. The allegations contained in paragraph 8E are admitted.

    f. The allegations contained in paragraph 8F are admitted.

9. The allegations contained in paragraph 9 are admitted.

    a. The allegations contained in paragraph 9A are admitted.

    b. The allegations contained in paragraph 9B are admitted.

    c. The allegations contained in paragraph 9C are admitted.

    d. The allegations contained in paragraph 9D are admitted.

    e. The allegations contained in paragraph 9E are admitted.

    f. The allegations contained in paragraph 9F are admitted.

10. The allegations contained in paragraph 10 are admitted.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are denied.

14. The allegations contained in paragraph 14 are denied.

15. The allegations contained in paragraph 15 are denied.

16. The allegations contained in paragraph 16 are denied.

## Count I

### [Copyright Infringement – 17 U.S.C. §501, et seq.]

17. Paragraph 17 does not require a responsive pleading.

18. The allegations contained in paragraph 18 are admitted.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are denied.

## Count II

### [Federal Trademark Infringement – 15 U.S.C. §1114]

25. Paragraph 25 does not require a responsive pleading.

26. The allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are admitted.

28. The allegations contained in paragraph 28 are admitted.

29. The allegations contained in paragraph 29 are denied.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

36. The allegations contained in paragraph 36 are denied.

## Count III

[False Designation of Origin, False Description, and Representation of

Microsoft Packaging – 15 U.S.C. §1125 et. seq.]

37. Paragraph 37 does not require a responsive pleading.

38. The allegations contained in paragraph 38 are admitted.

39. The allegations contained in paragraph 39 are admitted.

40. The allegations contained in paragraph 40 are admitted.

41. The allegations contained in paragraph 41 are denied.

42. The allegations contained in paragraph 42 are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

## Count IV

[Illinois Common Law Unfair Competition]

45. The allegations contained in paragraph 45 do not require a responsive

pleading.

46. The allegations contained in paragraph 46 are denied.

47. The allegations contained in paragraph 47 are denied.

## Count V

[Violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act – 815 ILCS 505/1, et seq.]

48. Paragraph 48 does not require any responsive pleading.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

## Count VI

[Violation of the Illinois Uniform Deceptive Trade Practices Act

815 ILCS 510/1, et seq.]

53. Paragraph 53 does not require a responsive pleading.

54. The allegations contained in paragraph 54 are denied.

55. The allegations contained in paragraph 55 are denied.

## Count VII

[For Imposition of a Constructive Trust Upon Illegal Profits]

56. Paragraph 56 does not require a responsive pleading.

57. The allegation contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

## Count III

[Accounting]

61. Paragraph 61 does not require a responsive pleading.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

WHEEFORE, the Defendant, Jeremiah Wade respectfully requests this Court dismiss this case at cost to the Plaintiff.

Respectfully submitted,


_____ /s/ James E. Skinner
JAMES E. SKINNER
Attorney for Defendant

JAMES E. SKINNER
LAW OFFICE OF JAMES E. SKINNER, P.C.
20 WEST MAIN STREET
GALESBURG, ILLINOIS 61401
309 343-9964 TELEPHONE
309 343-9966 FAX

## PROOF OF SERVICE

The undersigned hereby certifies that on November 30, 2006, he served a true and complete copy of Defendant's Answer to the First Amended Complaint upon the following counsel of record for Plaintiff by first class United States Mail, postage prepaid, and by facsimile:

Christopher Wilson
Ryan Whitacre
Perkins Coie, LLP
131 S. Dearborn St., Ste. 1700
Chicago, IL 60603-5559

_____/s/ James E. Skinner_____
JAMES E. SKINNER

LAW OFFICES OF JAMES E. SKINNER, P.C.
20 WEST MAIN STREET
GALESBURG, IL 61401
(309) 343-9964     (Phone)
(309) 343-9966     (Fax)